UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **BARRY HENDERSON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-12459-DJC |
| | ) | |
| **JEFFREY GRONDOLOSKY,** | ) | |
| **Warden of FMC-Devens,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                           **September 12, 2017**

**I.      Introduction**

Petitioner Barry Henderson ("Henderson"), a prisoner at FMC-Devens, filed *pro se* a Writ

of Habeas Corpus (the "Petition") pursuant to 28 U.S.C § 2241, alleging that his sentence as a

career offender under U.S.S.G. § 4B1.1 is no longer valid in light of Mathis v. United States, 136

S. Ct. 2243 (2016).  D. 1 at 2, 6-9.  Respondent Jeffrey Grondolosky, Warden of FMC-Devens

("Grondolosky"), has moved to dismiss the Petition because Henderson failed to set forth grounds

entitling him to relief under § 2241.  D. 12 at 1.  For the reasons set forth below, the Court

ALLOWS Grondolosky's motion and DENIES the Petition.

**II.      Standard of Review**

Grondolosky seeks dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P.

12(b)(1).  D. 12 at 1.  Federal courts "must always be vigilant about the existence of subject-matter

jurisdiction" because they are courts of limited jurisdiction.  Fafel v. Dipaola, 399 F.3d 403, 410

(1st Cir. 2005) (internal quotation marks omitted).  Where the defendant challenges subject matter

jurisdiction, the plaintiff bears the burden to prove its existence. <u>Aversa v. United States</u>, 99 F.3d 1200, 1209 (1st Cir. 1996). Furthermore, "the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." <u>Id.</u> at 1210. In a case where the plaintiff proceeds *pro se*, these complaints are held at even "less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>see</u> <u>United States v. Ciampi</u>, 419 F.3d 20, 24 (1st Cir. 2005).

## III.    Factual Background

The Court adopts the facts laid out by the court in the District of Maryland in Henderson's prior habeas petitions in <u>United States v. Henderson</u>, No. 07-cr-0497-CCB-1 (D. Md). On February 14, 2008, Henderson pled guilty to charges of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a). ECF 36 at 1.[1]

Henderson acknowledged both in his plea agreement and at sentencing that he was a career offender under U.S.S.G. § 4B1.1 based on two prior felony controlled substance convictions. ECF 36 at 2, 7. "The Government and Henderson waived the right to appeal a sentence within the guideline range from an adjusted offense level of 31, criminal history category VI: 188-235 months." <u>Id.</u> at 1. On May 5, 2008, Henderson was sentenced to 188 months of imprisonment and supervised release for a term of five years. ECF 17.

## IV.    Procedural History

Prior to filing the Petition here, Henderson filed three habeas petitions to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. ECF 26; ECF 43; ECF 53. On April 27, 2009, Henderson filed his first § 2255 petition claiming ineffective assistance of counsel for failure to

---

[1] Citations to "ECF" refer to docket entries for Case No. 07-cr-00497-CCB-1 in the District of Maryland.

appeal his conviction and failure to object to his status as a career offender. ECF 36. On February 18, 2010, this petition was denied. Id. Henderson appealed the denial of his first § 2255 petition to the Fourth Circuit, ECF 39, but was denied a certificate of appealability ("COA") and the appeal was dismissed. ECF 47. On August 12, 2010, Henderson filed a second § 2255 petition claiming racial discrimination in the grand jury selection process, ECF 43, which was dismissed as successive pursuant to 28 U.S.C. §§ 2244(b)(3), 2255, on September 10, 2010, ECF 44.

Henderson then filed a § 2244 petition in the Fourth Circuit for authorization to file a successive habeas petition, but was denied on September 18, 2013. D. 12-1. On May 27, 2014, Henderson filed a third § 2255 petition in the District of Maryland, ECF 53, claiming that his career offender designation was erroneous in light of Descamps v. United States, 133 S. Ct. 2276 (2013), and Whiteside v. United States, 775 F.3d 180 (4th Cir. 2014). Because Henderson lacked a COA, the court denied Henderson's third habeas petition for lack of jurisdiction. ECF 64. The court also found that Henderson would not have been entitled to relief even if he had properly obtained a COA because the holdings Descamps, Whiteside, or Johnson v. United States, 135 S. Ct. 2551 (2015) did not alter his status as a career offender under the Sentencing Guidelines. ECF 64.

On December 1, 2016, Henderson filed the Petition, a fourth habeas petition with the Court under 28 U.S.C. § 2241, while housed in the District of Massachusetts at FMC-Devens. D. 1.

V.    **Discussion**

    A.    **Use of § 2241 Petition**

Henderson filed the Petition under 28 U.S.C. § 2241 in this Court, claiming that his two prior drug convictions no longer qualify him as a career offender in light of Mathis. D. 1 at 7. Henderson requests a resentencing without the career offender enhancement. D. 1 at 10. A

prisoner may file a § 2241 habeas petition when challenging "the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." Thornton v. Sabol, 620 F. Supp. 2d 203, 206 (D. Mass. 2009) (emphasis in original) (quoting Jiminian v. Nash, 245 F.3d 144, 145 (2d Cir. 2001)); Calvache v. Benov, 183 F. Supp. 2d 124, 126 (D. Mass. 2001) (explaining that "prisoners are permitted to use section 2241 to challenge the execution of their sentences, not the validity of their sentences").

Henderson does not challenge the execution of his sentence, but rather its validity. Section 2255 "encompasses claims [in which] 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" Gonzalez v. United States, 150 F. Supp. 2d 236, 241 (D. Mass. 2001) (quoting Jiminian, 245 F.3d at 147-48)); see 28 U.S.C. § 2255. Additionally, § 2255, unlike § 2241, is controlled by a gatekeeping mechanism pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254 *et seq.*, to preserve the finality of criminal convictions. United States v. Barrett, 178 F.3d 34, 38 (1st Cir. 1999). Under AEDPA:

> a prisoner may file a second or successive § 2255 petition only if the court of appeals first certifies that the petition is based on either: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Barrett, 178 F.3d at 40-41 (quoting 28 U.S.C. § 2255). In other words, a prisoner bringing a second or successive habeas petition is required to obtain a COA authorizing a district court to consider the application. Ellis v. United States, 446 F. Supp. 2d 1, 3 (D. Mass. 2006).

Henderson has not received a COA from the First Circuit, and contends that the Petition is properly brought under § 2241. D. 17. By filing a petition under § 2241, Henderson invokes the "savings clause" in § 2255, and "the COA and pre-clearance requirements are not directly applicable" to such petitions. Barrett, 178 F.3d at 40-41; see Thornton, 620 F. Supp. 2d at 206. Under the savings clause, a prisoner may "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Thornton, 620 F. Supp. 2d at 206 (quoting Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000)).

Recourse by way of the savings clause, however, is permitted only in "rare and exceptional circumstances" and the prisoner bears the burden of proving that the remedy under § 2255 is inadequate. McCormack v. Grondolosky, No. 14-cv-10010-DJC, 2015 WL 717958, at *3 (D. Mass. Feb. 19, 2015) (quoting Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008)); see Calvache, 183 F. Supp. 2d at 126 (citing Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)). Relief under § 2255 is not inadequate or ineffective "'merely because § 2255 relief has already been denied . . . or because petitioner has been denied permission to file a second or successive § 2255 motion . . . or because a second or successive § 2255 motion has been dismissed.'" McCormack, 2015 WL 717958, at *3 (alteration in original) (quoting Burgess v. Grondolosky, No. 11-cv-12293-NMG, 2012 WL 139322, at *10 n.11 (D. Mass. Jan.13, 2012)). "Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture." McKubbin v. Grondolosky, 7 F. Supp. 3d 125, 132 (D. Mass. 2014) (internal quotation mark omitted) (quoting Barrett, 178 F.3d at 50). Rather, for the Court to have jurisdiction to consider a petition brought under the savings clause, the prisoner must be able to either (1) "prove his actual innocence on the existing record" and that he "could not have effectively raised his claim of

innocence at an earlier time," <u>Barrett</u>, 178 F.3d at 52 (internal quotation marks omitted) (quoting <u>Triestman v. United States</u>, 124 F.3d 361, 363, 377-78 (2d Cir. 1997)); or (2) prove that a "complete miscarriage of justice" would result if the petition is denied, <u>Calvache</u>, 183 F. Supp. 2d at 127 (citing <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997)); <u>see</u> <u>McCormack</u>, 2015 WL 717958, at *3.

### B.    The Savings Clause Does Not Apply to Henderson's Claim

Henderson argues that the sentencing court erred by designating him as a career offender, because the convictions considered by the sentencing court are no longer qualifying predicates. D. 1 at 2. When considering career offender mandatory minimum enhancements under the Armed Career Criminal Act ("ACCA"), "courts have analyzed the mistaken *legal* characterization of a predicate offense in a habitual offender provision as a miscarriage of justice."  <u>United States v. Duval</u>, 957 F. Supp. 2d 100, 114 (D. Mass. 2013) (emphasis in original) (citing <u>United States v. Shipp</u>, 589 F.3d 1084, 1091 (10th Cir. 2009); <u>Narvaez v. United States</u>, 674 F.3d 621, 629 (7th Cir. 2011)).

However, when considering career offender designation under U.S.S.G. § 4B1.1, other circuits have found that absent an additional exceptional circumstance, such as vacatur of a predicate conviction, post-conviction change in the law affecting the sentencing court's determination of the guidelines range does not rise to a complete miscarriage of justice. See <u>Spencer v. United States</u>, 773 F.3d 1132, 1138-39 (11th Cir. 2014) (en banc); <u>Hawkins v. United States</u>, 706 F.3d 820, 824–25 (7th Cir.), <u>opinion supplemented on denial of reh'g</u>, 724 F.3d 915 (7th Cir. 2013); <u>Sun Bear v. United States</u>, 644 F.3d 700, 704-706 (8th Cir. 2011) (en banc). The First Circuit made a similar distinction when it held that a claim challenging a sentencing guidelines calculation under the fourth prong of § 2255(a), limited to challenging convictions

"otherwise subject to collateral attack" and similarly requiring a showing that denial will result in "a complete miscarriage of justice," is cognizable. Cuevas v. United States, 778 F.3d 267, 271 (1st Cir. 2015). In Cuevas, the defendant sought a resentencing after two prior state convictions, which formed the basis of the sentencing court's determination that he was a career offender, were vacated because a chemist in the Massachusetts Department of Public Health's Hinton Drug Laboratory had "falsified" and "contaminated" drug analysis, causing negative samples to be viewed or tested as positive, including samples used as evidence in Cuevas's underlying state court cases. Id. at 269. Distinguishing the facts before the court from a "Guidelines-misapplication claim," the court held that because his underlying convictions had already been vacated, and that these convictions formed the basis of his career offender enhancement in the sentencing guidelines calculation, Cuevas's petition revealed "exceptional circumstances" that would result in, "if uncorrected, . . . a complete miscarriage of justice." Id. at 272 (internal quotations and citations omitted).

Such is not the case here. Henderson's claim is precisely the "Guidelines-misapplication claim" from which the First Circuit distinguished the claim in Cuevas, and which absent some additional exceptional circumstance is not sufficient for application of the savings clause. See Lord v. United States, No. 16-CV-071-JD, 2017 WL 2787614, at *2 (D.N.H. June 27, 2017); Duval, 957 F. Supp. 2d at 109-110; McKubbin, 7 F. Supp. 3d at 133-34. Henderson's predicate convictions have not been vacated, see Torres v. United States, 214 F. Supp. 3d 109, 111 (D. Mass. 2016) (declining to extend Cuevas "where the predicate conviction was not [] vacated" (citing United States v. Allen, No. 06–cr-10170–MLW, 2013 WL 6838162, at *11 (D. Mass. Dec. 24, 2013))), nor has Henderson raised any alternative exceptional circumstance previously contemplated by other courts as complete miscarriages of justice, see, e.g., Spencer, 773 F.3d at

1139-40 (contemplating that denial of right to appear at sentencing in United States v. Behrens, 375 U.S. 162 (1963), would have been a complete miscarriage of justice). Accordingly, the Court lacks jurisdiction to consider the Petition, and Grondolosky's motion is allowed.

Moreover, the rule announced in Mathis was one that Henderson could have raised before. In fact, as Grondolosky points out, Descamps, the predecessor case to Mathis, was the basis of Henderson's third petition in the District of Maryland. D. 12 at 9. In announcing Mathis, the Supreme Court did not "announce[] a new substantive rule that is retroactively applicable to cases on collateral review." Dimott v. United States, No. 2:06-CR-26-GZS, 2016 WL 6068114, at *3 (D. Me. Oct. 14, 2016); see United States v. Taylor, 672 F. App'x 860, 864 (10th Cir. 2016); Andrews v. United States, No. 16-cv-12636-NMG, 2016 WL 8765776, at *1 (D. Mass. Apr. 11, 2016). Only new substantive constitutional rules or "watershed rules of criminal procedure" apply retroactively to cases on collateral review, and neither category is implicated by the decision in Mathis. Welch v. United States, 136 S. Ct. 1257, 1264 (2016).

## VI.     Conclusion and Consideration of Certificate of Appealability

For the foregoing reasons, the Court ALLOWS Defendant's motion to dismiss, D. 12, and the Petition is DENIED.

Although a certificate of appealability is not essential for a § 2241 Petition, see Gonzalez v. Justices of Municipal Court of Boston, 382 F.3d 1, 12 (1st Cir. 2004) and cases cited; Durfee v. United States, No. 14-cv-197-JD, 2014 WL 2608121, at * 3 (D.N.H. June 11, 2014), the Court denies one here. A petitioner may receive a certificate of appealability only if he "has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A certificate of appealability is appropriate when "reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." Miller–El v. Cockrell, 537 U.S. 322,

338 (2003) (internal quotations omitted).  For all of the reasons stated above, the Court does not

conclude that reasonable jurists would find this conclusion debatable or wrong and, therefore,

denies any certificate of appealability to the extent that any may be considered.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge